GOLDSBOROUGH v. METROPOLITAN ST. RY. CO. (Supreme Court, Appellate Division, First Department. June 16, 1899.) Action by Irwin Goldsborough against the Metropolitan Street-Railway Company. No opinion. Motion granted, without costs.

GOLEBIEWSKI, Respondent, v. GOLEBIEWSKI, Appellant. (Supreme Court, Appellate Division, Fourth Department. March, 1899.) Action by Valentine Golebiewski against Cecilia Golebiewski. No opinion. Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. Held, that the evidence does not support the findings of the referee.

GORDON et al. v. DOWLEY. (Supreme Court, Appellate Term. June 28, 1899.) Action by Robert H. Gordon and others against Francis D. Dowley. From a judgment for defendant, plaintiffs appeal. Affirmed. Morris Putnam Stevens, for appellants. John J. Lenehan, for respondent.

PER CURIAM. Judgment affirmed, with costs to the respondent.

GRAEFF, Appellant, v. WORMSER, Respondent. (Supreme Court, Appellate Division, Second Department. June 20, 1899.) Action by Frederick W. Hermann Graeff against Maurice S. Wormser. No opinion. Order reversed, on argument, with $10 costs and disbursements, and motion remitted to special term for further hearing, with leave to the defendant, on payment of said costs, to serve additional affidavits showing merits.

In re GREENWICH & S. ELECTRIC R. R. (Supreme Court, Appellate Division, Third Department. July 6, 1899.) In the matter of the application of the Greenwich & Schuylerville Electric Railroad to acquire a right of way over certain highways in the town of Saratoga. No opinion. Motion denied, without prejudice to the renewal thereof, as petitioner may be advised, with $10 costs to Fannie M. Smith.

GROAT, Appellant, v. BARTLETT et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. March, 1899.) Action by Seth L. Groat against Daniel E. Bartlett and another, impleaded, etc. No opinion. Judgment affirmed, with costs. All concur, except SPRING, J., not voting.

GUNTZER, Respondent, v. YONKERS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 27, 1899.) Action by Anthony C. Guntzer against the Yonkers Railroad Company.

PER CURIAM. We think the long-established practice requires that when a new trial is

59 N.Y.S.—70

granted for an error of the jury on a question of fact, or for excessive or inadequate damages, the costs and disbursements of the trial should be imposed as a condition of the relief granted. There is nothing shown in this case to take it without the general rule. The order appealed from should be modified, so as to require, as a condition of the new trial granted by it, that the plaintiff pay to the defendant, within 20 days, the trial fee and the disbursements of the trial.

HAIG, Appellant, v. FEIST, Respondent. (Supreme Court, Appellate Term. June 28, 1899.) Action by Jessie Haig against Simon Feist. Carl L. Schurz, for appellant. Howe & Hummel, for respondent.

FREEDMAN, P. J. This action was brought for the alleged wrongful detention of personal property contained in four trunks belonging to the plaintiff and stored in a room in one of the houses of the defendant. The plaintiff testified that her husband hired an apartment in a house owned by the defendant at No. 685 Amsterdam avenue, where she resided from October, 1897, until March, 1898; that she obtained permission from the janitor in the employ of the defendant to store her trunks in a room at No. 687 Amsterdam avenue, which adjoined the premises occupied by her; that she did not see her trunks from some time in November, 1897, until March, 1898; and that, when she did see them, the goods claimed in this action had been removed from one of the trunks. The defendant denied that the janitor had any authority to store the goods of the tenants of No. 685 in No. 687, and testified, which was not disputed, that there was a storeroom in No. 685 for the use of the tenants of that house. He also positively denied the testimony given that he had refused to deliver the trunks upon demand being made for them, and stated that he told Brown, the attorney for the plaintiff, who made the demand, that he (Brown) could go and get the trunks, and that he (defendant) had never instructed any one to retain them, or in any way exercised any control over them. At the suggestion of the trial judge, the case was adjourned from June 6, 1898, until June 8, 1898, to enable the plaintiff to go to No. 687 and get her trunks. On June 8th, at the opening of court, the plaintiff's attorney reported that they had found the trunks, but that the contents had been abstracted. The trial was then resumed. At the close of the plaintiff's case, and again at the close of the whole case, the defendant made a motion for a dismissal of the complaint, which latter motion was granted, and the plaintiff excepted. There was a direct conflict of testimony upon the material questions of fact involved in the case, and, in determining such disagreement in the manner he did, the trial judge seems to have been correct. The judgment should, therefore, be affirmed. Judgment affirmed, with costs to respondent. All concur.